IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JOSEPH WAYNE SIMPSON, #10357**                      **PLAINTIFF**

**VERSUS**            **CIVIL ACTION NO. 5:05cv120DCB-MTP**

**MICHAEL PETTIFORD, et al.**                     **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER
DISMISSING THE PLAINTIFF'S COMPLAINT**

The Plaintiff, a federal inmate of the Bureau of Prisons filed this case and requested *in forma pauperis* status.  On June 28, 2006, an order was entered directing the plaintiff to file a written response to provide specific information to the court, within twenty days.  The plaintiff was warned in this court's order of June 28, 2006, that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint.  After the filing of several pleadings and motions along with Court orders, it was ultimately determined on September 19, 2006, that plaintiff would be granted twenty days to comply with the Court's order of June 28, 2006.  The plaintiff was advised that compliance with the Court's order of June 28, 2006, was necessary for the continued litigation of this case.  In addition, the plaintiff was warned that his failure to advise this Court of a change of address his failure to comply the Court's order would result in the dismissal of this case.  The plaintiff failed to file a written response or attempt to comply with the Court's September 19, 2006 order.

On November 7, 2006, an order was entered directing the Plaintiff to show cause, within fifteen days, why this case should not be dismissed for his failure to comply with the Court's September 19, 2006 order.  In addition, the Plaintiff was directed to comply with the

Court's order by filing a written response as directed.  The Plaintiff was warned in the show cause order that failure to keep this Court informed of his current address or a failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further written notice to the plaintiff.  The Plaintiff has not complied with the show cause order.

The Plaintiff has failed to comply with two Court orders.   It is apparent from the Plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Plaintiff has not complied with two court orders, nor has he contacted this Court since August 31, 2006.  The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the Defendant has never been called upon to respond to the Plaintiff's pleading and since the Court has never considered the merits of Plaintiff's claims, the Court's order of

dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Automotive Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

THIS, the 13th day of December, 2006.

                                      S/DAVID BRAMLETTE
                                      UNITED STATES DISTRICT JUDGE